UNITED STATES of America

v.

James HAMILTON, Appellant.

No. 71–1400.

United States Court of Appeals,
Third Circuit.

Argued Jan. 5, 1972.

Decided Feb. 14, 1972.

Errol S. Miller, Pittsburgh, Pa., for appellant.

Henry C. Barr, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before KALODNER, GANEY * and MAX ROSENN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

In August of 1970, a two count indictment was returned charging the appellant with transporting in interstate commerce two falsely made and forged

---

* Judge Ganey participated in the argument and disposition of this case but died before this opinion was filed.

Travelers Express money orders, knowing the same to have been falsely made and forged in violation of 18 U.S.C., § 2314.[1] In addition, appellant was charged under 18 U.S.C., § 2.[2]

The Government called as a witness one Stanley Kavel, the proprietor of Kavel's Pharmacy in Harmony, Pennsylvania, who testified that his pharmacy was burglarized about the 15th of December, 1968, and as a result more than 100 cartons of cigarettes, 50 wrist watches, certain types of narcotics and approximately 116 Travelers Express money orders had been stolen in blank together with the machine used to imprint the face of those money orders. Two of the money orders specified in the indictment were identified by Mr. Kavel as having been among those which were stolen on the night of December 15, 1968.

One Donald Bradley testified that George Cauley offered him a large number of stolen Travelers Express money orders and that he, Bradley, in turn contacted the appellant for help in cashing them. He agreed to obtain the individuals and the identification to be used in cashing the money orders, as well as the two money orders which Bradley and Cauley had run through the stolen check imprinting machine. Additionally, Bradley testified that he gave the appellant a large number of money orders to "stash" away.

One of the principal witnesses for the Government was Andrew Jackson Kisner who, at the time of the trial, had been indicted and entered a plea of guilty to charges involving the same two money orders. He had turned a state witness. He testified that the appellant asked him if he wanted to make some money and appellant then offered him $20 apiece for each money order that he would negotiate. He further testified that the appellant drove him to Lou's Ringside Bar, that he used the name of Thomas Lloyd in cashing the money orders and from there he took him to a place where Kisner could obtain narcotics and that while he was in the process of cashing the money orders he saw a stack of these money orders in the possession of the appellant. Kisner admitted that he had been a narcotics addict, but that he had been in prison for nine months previous to trial as a result of his pleading guilty.

One Marlene Brown, in addition to Bradley and Kisner, was called by the Government and she testified that the appellant had given her a stack of Travelers Express money orders to hold for him and that she took one of these money orders herself the next day and cashed it.

The appellant complains that improper questions were asked by the prosecutor of the Government's witness which were sustained and on instruction by the Court the prosecutor did not proceed any further in that line of questioning. However, additional questions not directly involved in the offense charged were asked and defendant alleges that these repeated questions prejudiced him so much before the jury that he was not accorded a proper or fair trial. However, these questions had some degree of relevancy to the events charged in the indictment and as this court stated in United States v. Stirone, 262 F.2d 571, 576 (3rd Cir. 1958), rev'd on other grounds, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960).

"Evidence of other offenses may be received if relevant for any purpose other than to show a mere propensity

1. This section, in pertinent part, reads as follows: "Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities or tax stamps, knowing the same to have been falsely made, forged, altered, or counterfeited; or . . . shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

2. This section, in pertinent part, reads as follows: "(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

or disposition on the part of the defendant to commit the crime."

These questions concerned themselves with the 116 money orders which the defendant had stolen and while only two of the money orders were offered in evidence, they had some limited relevance to the offense charged in the indictment though they were sustained and the court cautioned the prosecutor not to proceed any further, so at best they were harmless error.

With respect to the witness, Marlene Brown, she testified that she was a waitress at the Vann Hotel where the appellant was a frequent visitor and that he had given her a large number of Travelers Express money orders to hold for him. She also testified that she herself cashed one of these money orders which she was holding for the appellant for which she was indicted and was awaiting trial. The balance of the money orders which she was holding for him were placed back in the car of the appellant by her. She further testified that defendant asked her to testify that she did not know anything about these money orders as far as he was concerned, that he would pay her if she would come to the Vann Hotel and discuss the matter with him, but she refused.

Here, again, while the cashing of another Travelers Express money order check by the witness is a separate offense than that stated in the indictment, there was some evidence in her testimony which had some relevance to the charge in the indictment. Here, again, the receipt of this testimony could not have been considered in any wise reversible error.

 The other complaint which the appellant makes is that the argument made by the prosecutor was improper and as a result of it, he did not receive a fair trial. An examination of the prosecutor's statements to the jury in connection with the whole record shows that it is without merit since here the evidence was not so tenuous and indecisive and did not amount to a matter of any great importance. Johnson v. United States, 356 F.2d 680 (8th Cir. 1966), cert. denied, 385 U.S. 857, 87 S.Ct. 105, 17 L.Ed.2d 84.

Here, no proffered proper evidence was rejected, nor any received which would be tantamount to the deprivation of the appellant's right to a fair trial and, as indicated, there was, likewise, nothing improper in the defendant's statement to the jury which would constitute the same.

As to the count for aiding and abetting, etc., the court, in its charge to the jury, set forth the proper law and no objection was made thereto and, accordingly, we find no error in the same.

The Judgment of the lower court, 322 F.Supp. 1315, will be affirmed.