**STATE of Iowa, Appellee,**

v.

**Leslie Gene UNTIEDT, Appellant.**

**No. 55571.**

Supreme Court of Iowa.

Dec. 18, 1974.

Robert C. Gross, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Thomas Mann, Jr., Asst. Atty. Gen., and Ray A. Fenton, County Atty., for appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, REES and HARRIS, JJ.

RAWLINGS, Justice.

Defendant, Leslie Gene Untiedt, appeals from judgment on jury verdict finding him guilty of receiving and concealing stolen property in violation of The Code 1971, Section 712.1. We affirm.

April 3, 1972, prior to commencement of trial, defense counsel moved to suppress evidence consisting of fire arms and other unidentified items of personalty taken by police officers from an automobile, absent a search warrant. The county attorney entered resistance. A hearing ensued and this showing was thereby made.

Eugene Hansen, a member of the Des Moines Police Department, testified he and fellow officer Cecil Henderson were assigned, January 12, 1972, to observe activities at 1214 College Avenue. These two detectives saw defendant and James Arthur Santee carry weapons from the residence at 1214 College and place them in the trunk of a 1970 Plymouth parked next to the house. Shortly thereafter the porch light located on the vehicle-parked side of the house was turned off. Fearing defendant and his companion were about to leave the officers called for other police assistance. Hansen and Henderson then approached the Plymouth car, looked in the open trunk and there saw some guns. The officers thereupon went to the door of the house where they were met by Rochelle Bolden, daughter of Mrs. Gloria Page, occupant of the property. Rochelle told them she was in charge until her mother returned. When Hansen and Henderson identified themselves Ms. Bolden said the two men sought were hiding in the kitchen. With Ms. Bolden's consent Henderson entered the home and Hansen kept the Plymouth under surveillance. The Des Moines Police Department Intelligence Bureau was advised as to the existing situa-

tion. Soon thereafter Mrs. Page arrived. She too gave the officers "full permission to check her residence." About the same time some intelligence unit officers appeared. Their check of the guns in the Plymouth trunk revealed serial numbers on some of those weapons matched numbers on a police list.

Defendant's suppression motion was overruled.

The State then unsuccessfully moved to suppress four car-search-area pictures, ostensibly taken by defendant.

Evidence adduced in course of trial is substantially as set forth above. After presentation thereof the State rested.

Defendant then moved for a directed verdict. No evidence was offered by him. This motion was overruled.

After return of the guilty verdict defense counsel ineffectively moved to reopen the case for introduction in evidence of the above noted search-area photographs.

In support of a reversal it is here contended trial court erroneously overruled defendant's pretrial suppression motion, and his post-verdict motion to reopen.

These assignments will be considered in the order presented.

I. At the outset we must determine whether error, if any, was preserved for appellate review by defendant's pretrial motion to suppress evidence seized by the officers absent a search warrant. Stated otherwise, was defendant required to renew his objection to exhibits when they were offered in evidence during trial in order to preserve error?

In Twyford v. Weber, 220 N.W.2d 919, 923 (Iowa 1974), this court thus drew a line of demarcation between motions in limine and those to suppress evidence:

"It [motion in limine] serves the useful purpose of raising and pointing out before trial certain evidentiary rulings the court may be called upon to make during the course of trial. The motion has the

effect of advising the court and opposing counsel of the party's position on a particular matter and should effectively remove the problem when the argument is advanced by the offending party that the prejudicial evidence came in by sheer inadvertence.

"It is not a ruling on evidence and should not, except on a clear showing, be used to reject evidence. It adds a procedural step to the offer of evidence. This type of motion should be distinguished from other types of pretrial motions or hearings such as the determination of the competency of a witness, the ability of a minor to testify, the admissibility of dying declarations, the determination of the voluntariness of a confession at an independent hearing thereon and a motion to suppress evidence by a party aggrieved by an unlawful search and seizure. In these situations the court's determination of admissibility ordinarily puts an end to the question in the trial court and controls the subsequent course of the action relative to all matters included in the ruling."

Then in State v. Winfrey, 221 N.W.2d 269, 272 (Iowa 1974), we determined the effect and standing of a pretrial suppression motion with this statement:

"We have adopted the so-called 'orthodox' rule rather than the 'Massachusetts' rule as our method of determining the question of voluntariness and admissibility. *Under our rule the trial court's determination of admissibility is final* and, if admitted, the weight to be given that evidence is left to the jury in the main trial. State v. Holland, 258 Iowa 206, 215, 138 N.W.2d 86, 91; State v. Leiss, 258 Iowa 787, 789, 140 N.W.2d 172, 174 and citations in each.

"*Accordingly such final order can be considered on appeal after trial and judgment.* For our recent analysis of records to be made in motions to suppress as compared to motions in limine, see Twyford v. Weber, Iowa, 220 N.W.2d 919, filed August 28, 1974." (Emphasis supplied).

See also Fed.R.Crim.P. 41(e).

■ Mindful of the foregoing we now hold that where, as here, a defendant's pretrial suppression motion is overruled, appellate review will be accorded on proper assignment as to the record then made despite absence of testimonial objection by defendant in course of trial.

II. But the foregoing affords defendant no aid or comfort in this case.

As aforesaid officers Hansen and Henderson saw two men carry guns from the house and place them in the trunk of a vehicle parked on the premises at 1214 College. When the house light was turned off these policemen feared the men thus observed were about to leave. The officers then approached the Plymouth and there readily observed guns in the open car trunk. Thereafter Rochelle Bolden, in charge of the house during her mother's absence, advised Hansen and Henderson to the effect the men wanted were hiding in the kitchen. Subsequently the serial numbers on some of the guns in the above noted car trunk were found to match those on a police list.

■ In light of the foregoing we are satisfied there existed exigent circumstances and probable cause for the controverted warrantless weapon seizure. See State v. Shea, 218 N.W.2d 610, 612–615 (Iowa 1974).

It therefore follows trial court did not err in overruling defendant's suppression motion.

By the same token the questioned exhibits were properly admitted in evidence.

III. For some unknown reason defendant did not, during trial, offer in evidence his four previouly mentioned photographs.

■ In an attempt to remedy that apparent oversight he filed a post-verdict motion to reopen the case. This motion was overruled and defendant asserts such is cause for reversal.

Directing our attention to *preverdict* motions to reopen a case we said in State v. Moreland, 201 N.W.2d 713, 714 (Iowa 1972): "Trial courts have discretion to permit a party to reopen the record and introduce evidence which was previously omitted."

But defendant's contention encounters another and insurmountable obstacle as demonstrated by this statement in State v. Deets, 195 N.W.2d 118, 124 (Iowa 1972): "[R]elief after return of a guilty verdict in a criminal prosecution is, in this state, statutorily limited to arrest of judgment or a new trial."

The alleged error here entertained affords no basis for a reversal.

Affirmed.