William Walter CAGE, Appellant,

v.

Calvin AUGER, Warden, Anamosa Reformatory, Appellee.

No. 74–1885.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 12, 1975.

Decided May 2, 1975.

C. A. Frerichs, Fulton, Frerichs & Nutting, Waterloo, Iowa, for appellant.

Thomas D. McGrane, Asst. Atty. Gen., Des Moines, Iowa, for appellee.

Before BRIGHT and STEPHENSON, Circuit Judges, and TALBOT SMITH,* Senior District Judge.

STEPHENSON, Circuit Judge.

William Walter Cage was convicted in an Iowa state district court for possession of a controlled substance (heroin) with intent to deliver. The conviction was affirmed on appeal by the Iowa Supreme Court. State v. Cage, 218 N.W.2d 582 (Iowa 1974).

---

* The Honorable Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by assignment.

Cage then filed this habeas corpus action in the United States District Court for the Northern District of Iowa[1] pursuant to 28 U.S.C. § 2254. The two issues raised are: (1) that a nonresponsive comment by a state's witness at trial was so prejudicial that the trial court erred in not granting a mistrial and (2) that certain evidence should have been suppressed as the fruit of an illegal search.

Neither side requested an evidentiary hearing. The case was considered on the state court transcript and legal briefs of the parties. Chief Judge McManus ruled against petitioner on the first issue and found that state remedies had not been exhausted as to the latter. We affirm.

The facts of the case are set out in the Iowa Supreme Court's opinion and will not be repeated in any detail here.

## I.

While the state was presenting its case, a witness on the stand stated that "I knew he [defendant] was a known heroin dealer."

Petitioner's counsel objected and moved immediately for a mistrial. The trial court sustained the objection and admonished the jury to disregard the statement. After a discussion with counsel, out of the jury's presence, the court overruled the motion for mistrial.

■ On appeal from this ruling the Iowa Supreme Court divided five to four regarding the issue. *Cage, supra,* 218 N.W.2d at 586–87. The federal district court found that under the record as a whole petitioner had not shown prejudice of a constitutional dimension. We agree.

■ Our review in habeas corpus is the narrow one of due process violations. Donnelly v. DeChristoforo, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). The wisdom of evidentiary rulings will not be reviewed in habeas corpus unless they rise to this due process standard. Cunha v. Brewer, 511 F.2d 894 (8th Cir. 1974), at 898.

The Iowa Supreme Court observed in its majority opinion:

> Defendant and his wife testified for the defense * * *. Both admitted defendant possessed heroin on previous occasions. Defendant testified he was a heroin user at the time of the events but that he had used methadone for about a month prior to trial.

*Cage, supra,* 218 N.W.2d at 585. Under the circumstances and viewing the record as a whole, we sustain the view of the federal district court that insufficient prejudice has been shown in this case.

## II.

■ The federal courts have recognized, as a rule of comity rather than one of federal power, that state remedies must be exhausted before relief in habeas corpus will be entertained. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Smith v. Wolff, 506 F.2d 556 (8th Cir. 1974).

■ It is also the law that a petitioner must not be required to pursue state remedies if the federal court finds that to so require would be an exercise in futility. Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971); Rice v. Wolff, 513 F.2d 1280 (8th Cir. 1975); United States ex rel. Condon v. Erickson, 459 F.2d 663 (8th Cir. 1972).

We have not mechanically applied the exhaustion doctrine. *See* Losieau v. Sigler, 421 F.2d 825, 828 (8th Cir. 1970). Where the circumstances have indicated that the reasonable procedure would be to stay the federal hand, we have done so. *See, e. g.* Blunt v. Wolff, 501 F.2d 1138 (8th Cir. 1974); Tyler v. Swenson, 440 F.2d 621 (8th Cir. 1971); Reynolds v. Lockhart, 497 F.2d 314 (8th Cir. 1974); Gohom v. Wolff, 471 F.2d 52 (8th Cir. 1972). Where it was clear that the state court had had its opportunity to correct constitutional error, we have found that the consequences were sufficient to vindicate the state's interests and have proceeded to entertain § 2254 proceedings.

---

1. The Honorable Edward J. McManus, Chief Judge.

*See, e. g.* Rice v. Wolff, *supra,* at 1289 – 1292; Smith v. Wolff, 506 F.2d 556, 558–59 (8th Cir. 1974); Losieau v. Sigler, *supra.*

In the instant case we are faced with the following situation. Cage contends that the introduction of illegally seized physical evidence at trial resulted in his conviction. *See Cage, supra* at 584.

Before trial, defendant's counsel raised the illegal evidence issue by way of a motion to suppress, which was overruled. Counsel did not renew the objection when the evidence was introduced by the state during the trial proceedings. The Iowa Supreme Court ruled that "to preserve error, defendant had to object to the physical evidence when it was offered in evidence * * *." The Court held that under the record it had nothing to review. *Cage, supra* at 586.

Cage argues that he was lulled into believing that he had properly preserved his error for review by State v. Evans, 193 N.W.2d 515 (Iowa 1972). He contends that there is no possibility that the Iowa Supreme Court will hear his claim under the Iowa Uniform Postconviction Procedure Act, Iowa Code § 663A et seq., since the Iowa rule both before and after the instant case was that no contemporaneous objection is required at trial to preserve error following a motion to suppress which is overruled. He cites State v. Evans, *supra,* and State v. Untiedt, 224 N.W.2d 1, 3 (Iowa 1974). The federal district court found that this claim had not been presented to the state courts. We agree.

The postconviction statute provides:

All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not raised or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant

has taken to secure relief, may not be the basis for a subsequent application, *unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application* (emphasis supplied).

Iowa Code § 663A.8. In addition, the postconviction act provides for an evidentiary hearing where necessary to fully explore the complaint. Iowa Code § 663A.7.

The Iowa Court in petitioner's own case, State v. Cage, *supra,* explained its disposition that a pretrial motion to suppress without more left nothing to review on appeal while a motion to suppress urged during the trial did preserve error. *Cage, supra* at 586. The Court thereby explained petitioner's misconception of State v. Evans. Nevertheless, under then existing precedent the Court was left with an inadequate record for review on direct appeal. Petitioner did not, however, attempt postconviction relief pursuant to § 663A.8 quoted above.

The Iowa Court has since changed its rule regarding review of pretrial motions to suppress. State v. Untiedt, *supra* at 2–3.

It appears to this court that the instant case might well present "ground for relief asserted which for sufficient reason was not asserted or was inadequately raised" as provided in the Iowa statute. *See* Horn v. Haugh, 209 N.W.2d 119 (Iowa 1973). Were petitioner to proceed in the state court, utilizing the procedures there available and making the very argument that he has presented here, relief may well be forthcoming. This is especially true in light of the change in Iowa law.[2] *Untiedt, supra.*

■■■ The Iowa Supreme Court may well not share our view of this situation. Even so, we certainly cannot say that

---

2. We find the instant situation to be distinguishable from Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967), where it was conceded that the state remedies had been

thoroughly exhausted, thereby vindicating state interests. *See also* Francisco v. Gathright, 419 U.S. 59, 95 S.Ct. 257, 259, 42 L.Ed.2d 226 (1974); Rice v. Wolff, *supra,* at 1290 – 1291.

there is "no reason to believe that further relief is available in the state courts." Smith v. Wolff, *supra* at 559. No evidentiary hearing has been held. If one is to be held, comity would dictate that it be first held in the state court, thereby giving that system of concurrent jurisdiction its opportunity to rule. *Compare* Losieau v. Sigler, *supra* at 828, and Giles v. State of Maryland, 386 U.S. 66, 81, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967).[3]

An affirmance is in order. We might suggest that the United States District Court may entertain a new habeas petition from Cage on the search and seizure issue if the Iowa courts do not afford him a speedy hearing on that contention.

Affirmed.

---

**3.** Petitioner contends that whether or not he waived his right to raise the search and seizure issue should be judged in federal court applying federal standards. Because we decide that state court relief was and is available to petitioner at the time he filed his habeas corpus petition in federal court, we do not reach the related question of whether petitioner has deliberately bypassed and therefore waived such procedures. Were we to find that

there was no relief available to petitioner in state court, we would then be in the position to determine whether the district court should have held a hearing to determine the deliberate bypass issue applying federal standards. *See* Fay v. Noia, *supra* at 438–40, 83 S.Ct. 822; Humphrey v. Cady, 405 U.S. 504, 514–17, 92 S.Ct. 1048, 31 L.Ed.2d 394; Smith v. Wolff, *supra* at 559.