**Thomas BALL, Appellant,**

v.

**Donald WYRICK, Warden Missouri State Penitentiary, Appellee.**

No. 76–1521.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 17, 1976.

Decided Jan. 4, 1977.

---

William L. Clark, Chesterfield, Mo., for appellant.

W. Mitchell Elliott, Asst. Atty. Gen., Jefferson City, Mo., for appellee; John C. Danforth (former Atty. Gen.) Jefferson City, Mo., on brief.

Before HEANEY and ROSS, Circuit Judges, and VAN PELT, Senior District Judge.*

PER CURIAM.

Thomas Ball, a prisoner of the State of Missouri, appeals from the dismissal by the District Court of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Ball was convicted of murder in the first degree in the Circuit Court of the City of St. Louis, and sentenced to life imprisonment. The conviction was affirmed on direct appeal to the Missouri Court of Appeals, St. Louis District. *State v. Ball,* 529 S.W.2d 901 (Mo.App.1975). All of the grounds for relief asserted in the petition to the District Court were ruled upon adversely to the petitioner by the Missouri courts.

The petitioner contends that certain evidentiary errors were made by the state with respect to the competency and credibility of the testimony of his nine-year-old daughter which, when coupled with a remark made to his counsel during final argument, have denied him a fair trial and due process of law. In a § 2254 proceeding, questions as to the admissibility of evidence are considered to be matters of state law and procedure and are ordinarily not reviewable. *Jones v. Wyrick,* 542 F.2d 1013 (8th Cir., 1976); *Cage v. Auger,* 514 F.2d 1231 (8th Cir. 1975). *See also Donnelly v. DeChristaforo,* 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). A federal issue is not presented unless the trial irregularities or evidentiary errors infringe upon a specific constitutional guarantee or amount to a denial of due process because of prejudicial nature of the error. *Hogan v. State of Nebraska,* 535 F.2d 458 (8th Cir. 1976); *Atwell v. Arkansas,* 426 F.2d 912 (8th Cir. 1970).

Here, none of the alleged evidentiary errors violated specific constitutional provisions. Moreover, none of the alleged evidentiary errors were such as to amount to a denial of due process.

The petitioner contends that his nine-year-old daughter was not competent to testify. Mo.Stat. § 491.060(2) provides that children under ten who appear unable to perceive or relate what they had seen are incompetent to testify. It has been held that this merely creates a presumption of incompetency; and if the child evidences some belief in God and punishment for false testimony, then the child may be allowed to testify. *State v. Robertson,* 480 S.W.2d 845 (Mo.1972); *State v. Greer,* 313 S.W.2d 711 (Mo.1958). Even if the repetition of the voir dire in the presence of the jury bolstered her testimony, it was not prejudicial to Ball as her description of the incident was similar to that already given by another witness.

It is also contended that the trial court erred in refusing to admit, as impeachment evidence, medical records and

* ROBERT VAN PELT, Senior District Judge, District of Nebraska, sitting by designation.

80

testimony of a police officer which would tend to show that Thomas had indeed injured the petitioner's daughter three months prior to the incident despite her statements to the contrary. Since Ball's entire testimony related to self defense, whether or not she was injured by Thomas is a collateral issue. Thus, any error with respect to the admission of the impeachment evidence is harmless beyond a reasonable doubt. *See Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The petitioner's principal contention is that the trial court erred in prohibiting his counsel from arguing that he believed that his children had been injured by the decedent and in commenting that there was no evidence before the jury to that effect. While the Missouri Court of Appeals, *State v. Ball, supra*, agreed with the petitioner that there was evidence in the record to support the argument, they did not find the error in prohibiting the argument to be prejudicial. Nor was the trial court's comment that "there is no evidence before this jury regarding that" found to be improper because it was addressed to counsel in ruling upon an objection and did not constitute a statement of the facts as a matter of law. *Id.* at 907–909. The Fifth Circuit has held that comments by the trial court at most may amount to an infringement of state law but do not amount to a violation of the constitutional right to a fair trial. *McBride v. Estelle*, 507 F.2d 903, 904 n.1 (5th Cir. 1975). Since the argument could not have supported the petitioner's self-defense claim, we find that the error was harmless beyond a reasonable doubt. *See Harrington v. California, supra; Chapman v. California, supra.*

Accordingly, we affirm the order of the District Court denying the petition for a writ of habeas corpus.