Jonathan W. BATTEN, Appellee,

v.

David SCURR, Warden, Iowa State Penitentiary, Appellant.

No. 80–1919.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 10, 1981.

Decided May 19, 1981.

Thomas J. Miller, Atty. Gen. of Iowa, Des Moines, Iowa, Thomas D. McGrane, Asst. Atty. Gen., Steven M. Foritano, (argued), Legal Intern, for appellant.

William L. Kutmus, P.C., Mark Pennington, Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, and STE-PHENSON and ARNOLD, Circuit Judges.

STEPHENSON, Circuit Judge.

Appellant-respondent appeals from an order of the district court [1] sustaining Jonathan Batten's petition for writ of habeas corpus. The district court held that (1) a statement made by the principal witness for the prosecution in Batten's state drug conspiracy trial denied him a fair trial in violation of the due process clause; and (2) certain remarks by the trial judge impermissibly compromised Batten's right against self-incrimination. We reverse.

---

[1] The Honorable Harold D. Vietor, United States District Court Judge for the Southern District of Iowa.

**566**

## I. FACTS AND PROCEEDINGS BELOW

Batten was convicted by a jury in Iowa District Court of conspiracy to deliver a controlled substance, and was sentenced on June 26, 1975, to a term of not more than ten years imprisonment. His conviction was affirmed without opinion by an equally divided Iowa Supreme Court, *State v. Batten*, 249 N.W.2d 865 (Iowa), *cert. denied*, 434 U.S. 834, 98 S.Ct. 122, 54 L.Ed.2d 96 (1977). *See* Iowa Code Ann. § 684.10. The federal district court determined an evidentiary hearing was unnecessary, and the case was submitted on the basis of the state record.

Our recitation of the undisputed facts giving rise to Batten's claims is based largely on the district court's factual summary. Prior to the commencement of Batten's trial in state court, he filed a motion in limine that requested the prosecution not to mention any of petitioner's prior felony convictions. The motion was sustained. After selecting a jury, Batten orally amended the *motion in limine* requesting that the prosecution instruct its witnesses not to offer any testimony regarding petitioner's prior use of or association with drugs. The motion was sustained and the prosecution agreed to so instruct its witnesses.[2]

The first witness called by the prosecution was Christine Cox, a police informant and the state's principal witness. Near the end of direct examination, the following exchange occurred:

BY MR. SISSEL:

Q. At the time of this crime, that being June 6th, 1974, to June 8th, 1974, were you using any drugs at this time?

A. Sometimes I smoked grass, yes.

Q. Were you using any heroin at this time?

A. Prior to that I had a couple times with Jon Batten.

MR. HOOD: Your Honor, I'm going to object to this and move for a mistrial right now. This is—

THE COURT: The motion will be taken under advisement. But I will strike the answer of the witness from the record and ask the jury to disregard the answer entirely.

A recess was called at the close of direct examination, and the prosecutor assured the court that he had instructed the witness not to discuss Batten's prior drug use. The trial court ordered the cross-examination to take place the following morning, at which time the court would rule on the motion for a mistrial. The next morning, the district court denied the motion for mistrial and stated out of the presence of the jury:

At the time, defense counsel made a motion to strike the answer of the witness and to declare a mistrial. The Court at the time permitted the objection of defense counsel to precede the answer of the witness and struck the answer of the witness from the record and instructed the jury to disregard the answer entirely but reserved ruling on the motion for mistrial. Obviously, the answer violated a previous order of the Court that she should not testify as to defendant's use of drugs or his connection with the drug traffic and this raises the question whether her answer was so prejudicial to the defendant that a mistrial should be declared. The Court at this time, after due consideration, has determined that the statement was not too prejudicial to the defendant that a mistrial should be declared. Defense counsel has previously stated during voir dire examination of

---

2. The request made was in part as follows:

MR. HOOD [Defense Counsel]: I'm not referring to the res gestae. I'm referring to—for instance, like in 1972 or '73, she's liable to say—blurt out something like she did in her deposition: "I'm after John Batten because he's a junkie and for what he did to Bill Dircks," or something like that. That's what I'm doing. I know that Gary wouldn't do that, or any other member of the County Attorney's office. I would just like it understood that the Court has instructed counsel to make that—

THE COURT: To instruct his witnesses not to do that. You will, of course, instruct the witnesses they are not to volunteer statements of that type.

MR. SISSEL [Prosecutor]: Yes, Your Honor.

the jurors and during opening statement, I believe, that defendant, although not required to do so, was going to take the witness stand in his own behalf. Obviously, he will have the opportunity to deny the statement made by the witness. If this were a case where the defendant was not going to take the witness stand, there would be more likelihood of prejudice to defendant. The Court also takes into consideration the fact that this is a conspiracy trial and not a charge of delivery itself and that latitude must be considered in a charge of conspiracy. Therefore, the motion for a mistrial is denied, and the exceptions of defendant are noted.

Batten's counsel had stated to the jury during opening argument that Batten would take the stand and testify in his own behalf at trial. In fact, Batten did testify in his own defense, but did not testify—by way of admission, denial, or otherwise—to any prior heroin use.

At the conclusion of the state's evidence, a motion for mistrial was renewed and denied. After the return of the jury verdict, Batten made a motion for a new trial, arguing that Cox's statement was prejudicial and in violation of the limine order entered by the court. The trial court overruled the motion for a new trial.[3]

Petitioner raised several grounds for relief in his 28 U.S.C. § 2254 petition. The federal district court found that Batten had failed to exhaust his state remedies with regard to all but his claims that (1) the remarks of Christine Cox denied him due process, and (2) the trial court's actions compelled him to take the stand in violation of his constitutional right against self-incrimination. The federal district court ruled in favor of Batten on both these issues and granted the writ.

## II. EXHAUSTION OF STATE REMEDIES

Although respondent does not argue failure to exhaust state remedies, we defer to the statutory requirement of 28 U.S.C. § 2254(b) out of respect for state-federal comity, raising the issue of exhaustion *sua sponte*. *Davis v. Campbell*, 608 F.2d 317, 320 (8th Cir. 1979) (citing cases).

The only state proceeding after his conviction was Batten's direct appeal to the Iowa Supreme Court, which affirmed his conviction by an equally divided court without opinion. An examination of Batten's brief to the Iowa Supreme Court indicates essentially two issues were raised to challenge his conviction: (1) whether the state trial court erred in not granting defendant's motion for a mistrial or his motion for a new trial, on the basis that Cox's statement caused extreme prejudice in the minds of the jury which could not be cured by the court's instruction to disregard the statement; and (2) whether the state trial court

---

**3.** After the close of the state's case, in response to the renewed motion for mistrial, the court ruled:

> Insofar as the renewed motion to declare a mistrial is concerned, the Court again overrules the motion. The Court is of the opinion that the statement made by the witness Christine Cox alluded to by counsel were not of such a prejudicial nature as to deny the defendant a fair trial, especially in view of the fact that the Court, on motion of defense counsel, struck the statement made by the witness and directed the jury to disregard it entirely.

In response to the motion for new trial, the court stated:

> The Court notes that the basis of the motion for new trial is the statement by the witness Christine Cox as to her use of heroin with the defendant in this case which was a violation of the order of Court entered on the motion in limine filed by the defendant. This matter was taken up by defense counsel immediately after the statement was made and the Court at that time, on due consideration, concluded that the statement was not so prejudicial to defendant as to require a mistrial. The Court at the time the statement was made sustained the objection to strike it from the record and at that time instructed the jury to completely ignore the statement. At the time it was the feeling of the Court that this did amply protect the defendant and as the case developed the Court had no reason to change its feeling in that matter, and at this time does not feel that the statement by Christine Cox was of such a prejudicial nature that it required a mistrial, especially in view of the fact that the Court instructed the jury to completely disregard it.

violated "Defendant's Constitutional Rights against self-incrimination when ruling on Defendant's motion for a Mistrial." With regard to the second issue, Batten's Iowa Supreme Court brief specifically alleges a violation of his Fifth and Fourteenth Amendment rights against self-incrimination and there is no question his direct appeal has exhausted his state remedies on this issue.

The issue of whether Batten has exhausted his state remedies with respect to the alleged denial of his due process rights under the Fourteenth Amendment is more troublesome. He alleged on his direct appeal that the trial court erred in refusing to grant a mistrial because Cox's statements were prejudicial. All the facts relevant to the section 2254 claim of a denial of due process were presented with his claim to the state supreme court on direct appeal. Nevertheless, his brief to the Iowa Supreme Court did not cite any federal constitutional provisions, federal cases, or refer to the phrase "due process." On this precise issue we have recently held:

> The reference in [petitioner's state appellate court brief] to denial of a fair trial, without citation to any provision of the Federal Constitution or to any federal case, was not a sufficient presentation of the federal constitutional issue. It is not enough that [petitioner] presented all of the facts on which his federal constitutional claim would later be based. The substance of this claim, as a legal matter, was simply never presented to the state courts, either at trial or on appeal, and in these circumstances we are unwilling to hold that the state courts have had a fair opportunity to consider [petitioner's] federal claim and to correct the violation of the Fourteenth Amendment, if there was a violation.

*Thomas v. Wyrick*, 622 F.2d 411, 413 (8th Cir. 1980).

Thus it appears that petitioner has not presented the substance of his federal constitutional due process claim in the Iowa courts. Our inquiry does not end here, however. "The question with respect to exhaustion is not merely whether [petitioner] has in the past presented his federal claim to the state courts, but also whether there is * * * any presently available state procedure for the determination of the merits of that claim." *Thomas v. Wyrick, supra*, 622 F.2d at 413.

Iowa's statute for post conviction relief appears at Iowa Code Ann. § 663A.1 *et seq.* Section 663A.2(1) provides for relief, *inter alia*, for anyone convicted of a public offense who claims that the conviction violated the Constitution of the United States. Section 663A.8 qualifies this, however, by providing:

> Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction * * * may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

There has been no clear showing that the courts of Iowa will not entertain Batten's complaint based on due process grounds. However, as stated above, exhaustion is a rule of comity rather than one of federal power. Several considerations lead us to conclude that principles of comity do not require Batten to exhaust this precise constitutional due process claim in the state courts.

The state, in its answer to the section 2254 complaint, conceded that Batten had exhausted his remedies. Additionally, the state invested a substantial amount of time and expense in litigating this lawsuit, and on appeal it does not raise the issue of exhaustion. While this circuit has never expressly held that this conduct is sufficient for a waiver, *see Davis v. Campbell, supra*, 608 F.2d at 320, it is a strong indication that the state believes that its interests have been vindicated. *See Grooms v. Wainwright*, 610 F.2d 344, 345 (5th Cir.), *cert. denied*, 445 U.S. 953, 100 S.Ct. 1605, 63 L.Ed.2d 789 (1980). We give consideration to the expenditure of federal resources be-

low. *Houston v. Estelle*, 569 F.2d 372, 375–76 (5th Cir. 1978).

Additionally, as noted by the district court, this court considered a section 2254 due process claim in *Cage v. Auger*, 514 F.2d 1231 (8th Cir. 1975), which was very similar to the present case, even though the issue had not been cast in due process terms when Cage's conviction was appealed to the Iowa Supreme Court. *See State v. Cage*, 218 N.W.2d 582 (Iowa 1974). Finally, this due process issue is so closely tied to Batten's second claim under the Fifth and Fourteenth Amendments (which has been exhausted), that the interests of the parties are best served by addressing both claims in the section 2254 petition.

### III. DUE PROCESS CLAIM

Initially, we note the review by federal courts of habeas corpus petitions alleging violations of due process is a narrow one. *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431 (1974); *Cage v. Auger, supra*, 514 F.2d at 1232. Batten must demonstrate that the alleged prejudicial comments resulted in a trial which denied him fundamental fairness. *Donnelly v. DeChristoforo, supra*, 416 U.S. at 642, 94 S.Ct. at 1871.

The district court properly noted that although an unresponsive statement may be prejudicial and inadmissible, ordinarily the problem is cured by striking the testimony and instructing the jury to disregard the remark. *See, e. g., United States v. Splain*, 545 F.2d 1131, 1133 (8th Cir. 1976); *Cage v. Auger, supra*, 514 F.2d at 1232.

The district court distinguished *Cage* and *Splain*, however, for essentially two reasons. First, unlike *Cage* and *Splain*, the testimony here violated a pretrial limine order. Second, in the instant case, the trial court at one point equivocated its conclusion that the accused was not prejudiced by the remarks by suggesting that "if this were a case where the defendant was not going to take the witness stand, there would be more likelihood of prejudice to the defendant." It is our view that the unresponsive answer, which the trial court promptly admonished

the jury to disregard, was not so prejudicial as to deny Batten due process.

■ The wisdom of evidentiary rulings and trial procedure in state courts will not be reviewed unless they result in a trial so unfair as to deny due process. *Cage v. Auger, supra*, 514 F.2d at 1232; *Atwell v. Arkansas*, 426 F.2d 912, 915 (8th Cir. 1970). *See Donnelly v. DeChristoforo, supra*, 416 U.S. at 643, 94 S.Ct. at 1871. The state correctly points out that because the jurors were unaware of the pretrial limine order, the fundamental unfairness to Batten resulting from Cox's statement is not enhanced by the presence of the limine order.

It may be that at the time he issued the limine order, the trial judge considered this testimony to be unnecessarily prejudicial. However, after the statement by Cox, the trial judge determined that it was not too prejudicial on three separate occasions—(1) immediately after the objection and upon Batten's motion for a mistrial; (2) at the close of the state's case; and (3) in response to Batten's motion for a new trial after the jury returned its verdict. The trial judge was in a better position to evaluate the prejudicial nature of the comments at these points than it was prior to trial in its ruling on the motion in limine.

■ We consider several factors in determining if the prejudice to Batten was great enough to be a denial of due process. First, there is no evidence here that the prosecutor deliberately solicited this comment. *See United States v. Splain, supra*, 545 F.2d at 1133. The comment by Cox was isolated and brief, making it easier for the jurors to compartmentalize it and for it to be cured by a proper instruction. The trial judge also immediately struck the unresponsive comment and instructed the jury to disregard it.

Batten was charged with the crime of conspiracy to deliver heroin on or about June 8, 1974. Cox's testimony at trial had detailed her activities as an informant during June of 1974, when she was involved with Batten and others who were allegedly making plans to obtain and distribute her-

oin. It was at the conclusion of her direct testimony that she made the comment detailed at page 566 *supra.*

Under very similar circumstances this court held that such a remark was not so prejudicial as to deny petitioner due process. *See Cage v. Auger, supra,* 514 F.2d at 1232. Having concluded that the prejudicial nature of the remark in the instant case was not enhanced by its being in violation of a limine order,[4] we are unable to distinguish this case from *Cage v. Auger, supra.* Viewing the record as a whole, we are not satisfied the remark was so prejudicial as to rise to a violation of Batten's due process rights.

## IV. PRIVILEGE AGAINST SELF–INCRIMINATION

■ The district court also held that the trial judge's comments that the defendant would have an opportunity to deny Cox's statement unconstitutionally cast on Batten a burden of nullifying this prejudice. The district court held this offended principles of due process and the right against self-incrimination.[5] Under the circumstances present here, we disagree.

The trial court's comments to Batten and counsel occurred outside the presence of the jury. The trial court noted that Batten's counsel had indicated to the jury that, although not required to do so, Batten would testify in his own behalf. In fact, Batten's counsel stated to the jury during opening argument that "[i]t's going to come down to who you believe, Christine Cox or Jon Batten." Aware of this fact, in denying the motion for mistrial, the trial court stated that his taking the witness stand would give Batten a chance to deny Cox's statement. While this was improper judicial comment, there is no indication that this in any way forced Batten to take the stand or testify in the manner in which he did.

Batten testified with regard to the merits of the criminal charge against him and did not respond in any manner—by admission, denial or otherwise—to the comment by Cox that she had used heroin with him. The record indicates he testified because of the weight of the case against him and not because of Cox's statement or the trial court's comments that Batten would have a chance to deny the stricken statement of Cox. Batten was not compelled to testify in violation of his privilege against self-incrimination.

The district court is reversed with directions to deny Batten's petition for writ of habeas corpus.[6]

---

4. *See also* note 5 *infra.*

5. The district court stated:

Thus, the trial judge cast on petitioner a burden of nullifying the prejudice by denying Miss Cox's statement. I believe this clearly offends principles of due process as well as petitioner's right not to incriminate himself. His intention to testify to the *material* issues in the case did not deprive him of the right to not testify about an immaterial matter. The fact that he did not in the course of his testimony deny Miss Cox's voluntary statement demonstrates that he may not have been able to truthfully do so, and thus the prejudice of the statement of Miss Cox is further enhanced.

We are not persuaded that the trial judge's comments that there would be more likelihood of prejudice if Batten was not going to take the stand sufficiently enhanced the prejudice to Batten. This comment was made out of the presence of the jury. The trial judge additionally ruled that the statement by Cox was not prejudicial in his order denying the motion for new trial. This was after the close of all the evidence and the trial court was aware that Batten had not commented on Cox's statement in any manner.

6. The district court opinion in the instant case was issued prior to the Supreme Court decision in *Sumner v. Mata,* — U.S. —, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). *Sumner* held that federal courts should apply the presumption of correctness which is mandated by section 2254 to the factual determinations made by the state courts. *Sumner v. Mata, supra,* 101 S.Ct. at 769. The Court also held that a district court which sustains a writ under section 2254 should include in its opinion the reasoning which led it to conclude that any of the first seven factors listed in section 2254(d) were present or the reasoning which led it to conclude that section 2254(d)(8) was applicable. *Sumner v. Mata, supra,* 101 S.Ct. at 771.

The district court opinion did not refer to section 2254(d). However, the underlying facts are undisputed. It can be argued that the state trial court made a factual determination when it considered the prejudice of the statement by

LAY, Chief Judge, concurring.

I concur in the reversal of the district court and the denial of the writ of habeas corpus.

I write separately since I do not feel the issue of whether Batten was prejudiced by the state's abuse of evidentiary proof raises a constitutional question. If we must review every evidentiary issue in a state criminal trial simply because a party couches the allegedly erroneous admission of evidence in terms of a violation of due process then we broaden the writ of habeas corpus beyond its jurisdictional purpose and meaning. This is true even if upon review of the conviction, as here, we find the error was not prejudicial and therefore not a denial of due process. Whether the admissibility of evidence in a state criminal trial is prejudicial is not a federal question. We simply should not review it. It does not become so simply because a party claims he was denied a fair trial and therefore was denied due process. There may be many erroneous evidentiary rulings which are prejudicial and which deny a person a fair trial, but those errors do not necessarily reach constitutional dimensions worthy of federal review. Questions of hearsay, foundational deficiencies, materiality and relevancy may all require a finding of prejudicial error by the appellate court in direct review. However, seldom are any of these errors worthy of federal review.

It is only when evidentiary questions raise direct constitutional claims, e. g., fourth or fifth amendment claims, that federal review should be provided upon a petition for writ of habeas corpus. The major federal concern under the due process clause is whether there exists sufficient evidence to sustain a conviction beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 313, 99 S.Ct. 2781, 2786, 61 L.Ed.2d 560 (1979). There of course may be other legitimate due process claims, *see, e. g., Collins v. Auger,* 577 F.2d 1107 (8th Cir.

1978), *cert. denied,* 439 U.S. 1133, 99 S.Ct. 1057, 59 L.Ed.2d 96 (1979), but unless the error alleged is on its face so egregious and so erodes procedures affecting fundamental fairness of the trial, we lack jurisdiction to review these claims under section 2254. *Morrow v. Wyrick,* 646 F.2d 1229, at 1234 (8th Cir. 1981); *Davis v. Campbell,* 608 F.2d 317, 319 (8th Cir. 1979); *Nelson v. Hutto,* 597 F.2d 137, 138 (8th Cir. 1979); *Cooper v. Campbell,* 597 F.2d 628, 632–33 (8th Cir. 1979); *Ball v. Wyrick,* 547 F.2d 78, 79 (8th Cir.), *cert. denied,* 431 U.S. 941, 97 S.Ct. 2657, 53 L.Ed.2d 259 (1977); *Wilson v. Parratt,* 540 F.2d 415, 416 (8th Cir. 1976); *Hogan v. Nebraska,* 535 F.2d 458, 460 (8th Cir. 1976); *Maggitt v. Wyrick,* 533 F.2d 383, 385 (8th Cir.), *cert. denied,* 429 U.S. 898, 97 S.Ct. 264, 50 L.Ed.2d 183 (1976); *Cunha v. Brewer,* 511 F.2d 894, 898 (8th Cir.), *cert. denied,* 423 U.S. 857, 96 S.Ct. 108, 46 L.Ed.2d 83 (1975); *Taylor v. Minnesota,* 466 F.2d 1119, 1121 (8th Cir. 1972), *cert. denied,* 410 U.S. 956, 93 S.Ct. 1425, 35 L.Ed.2d 689 (1973); *Atwell v. Arkansas,* 426 F.2d 912, 915 (8th Cir. 1970).

In the present case the resolution of whether the testimony of the witness was prejudicial was one peculiarly for the state courts. I would hold that it would not rise to a constitutional question relating to due process.

The only federal issue I perceive is whether the state trial court committed constitutional error in his ruling that the petitioner could rebut any prejudicial error by taking the stand. Judge Stephenson's analysis demonstrates that there was no violation of the fifth amendment in such ruling and that any constitutional error was harmless.

---

Cox and determined it did not deny Batten a fair trial. It can also be said this involved applying constitutional law to the facts. Thus it appears to be a mixed question of law and fact.

Although we disagree with the district court's conclusion, we are satisfied it adequately set out the reasons for its disagreement with the state court's determination.