**STATE of Missouri, Respondent,**

v.

**Thomas Wendell STUART, Appellant.**

**No. 54045.**

Supreme Court of Missouri,
En Banc.

July 13, 1970.

John C. Danforth, Atty. Gen., Jefferson City, James F. Mauze, Charles B. Blackmar, Sp. Asst. Attys. Gen., St. Louis, for respondent.

Clay Cantwell, Branson, for appellant.

HENLEY, Chief Justice.

Thomas Wendell Stuart, hereinafter referred to as defendant, was charged by information with second degree burglary and stealing.[1] A jury found him guilty as charged. The court, under the provisions of the Second Offender Act,[2] sentenced him to imprisonment for a term of five years for burglary and for a term of two years for stealing, the sentences to run consecutively.[3]

Defendant briefs three points: (1) error in overruling his motion for judgment of acquittal, because the evidence is not sufficient to sustain the conviction; (2) error in overruling his motion to suppress evidence and in admitting evidence of property seized during a search of his apartment, because the search and seizure were unlawful; and (3) error in failing to declare a mistrial when evidence was admitted that he failed to deny or explain an incriminating fact while under arrest, because he had the constitutional right to remain silent. We reverse and remand, because of the violation of his right to remain silent.

We make use of portions of an unadopted opinion written in Division.

On Wednesday evening, January 10, 1968, Earnest Stewart left his home in Stone county, Missouri and went to church in Crane, Missouri. During his absence, his home was burglarized and three rifles, a transistor radio and a variety of coins including silver dollars, dimes, and Ken-

1. Sections 560.045 and 560.156, RSMo 1959, V.A.M.S.

2. Section 556.280, RSMo 1959, V.A.M.S.

3. Section 560.110, RSMo 1959, V.A.M.S.

nedy one-half dollars were stolen. Information acquired in an immediate investigation pointed to defendant as one of the burglars and led Sheriff Barnes of Stone county to defendant's one-room apartment in Springfield, Greene county, Missouri, later that night. Sheriff Barnes, with Lieutenant Ed. Young and Detectives Deckard and Kordalis of Greene county, knocked on the door of defendant's room and, receiving no response, decided that the Sheriff should return to Stone county for an arrest warrant. He did so, and procured a warrant for defendant's arrest from the clerk of the Magistrate Court of Stone county. He then returned to Springfield and delivered the warrant to the Greene county officers. They again knocked on the door and, receiving no response, pushed the door open, entered the room, and arrested defendant and a companion. Thereafter, the officers searched defendant's room and found $248.93 in half dollars, dimes and pennies in a plastic bag under a dresser. Some of these coins were identified by Earnest Stewart at the trial as money taken from his home, and were admitted in evidence.

The state's case depends, in part, upon defendant's recent, unexplained possession of the stolen property,[4] and is sufficient if the evidence acquired as a result of the search is admissible. Defendant contends the court erred in overruling his pre-trial motion to suppress that evidence and erred in admitting such evidence at the trial, for these reasons: (1) he was not arrested until after the search of his apartment, therefore, the search was not incident to an arrest and was unlawful; and (2) the arrest warrant under authority of which the arrest was made is void, because issued by a clerk of the magistrate court and not by a neutral and detached judicial

officer.[5] We do not reach the second reason, because we hold the view the search and seizure were subsequent and incident to an arrest lawfully made, whether or not the warrant was invalid.

At the hearing on the motion to suppress, Lieutenant Young testified that after Sheriff Barnes advised him of the crime committed in Stone county that evening, and of the "people he was looking for," he went to defendant's apartment and arrested him. This evidence is sufficient to show a lawful arrest without a warrant. State v. Burnett, Mo., 429 S.W. 2d 239, 241, 242. "Such an arrest is valid despite an invalid warrant." Dearinger v. United States, 9 Cir., 378 F.2d 346, 347 (1967). The search and seizure occurred subsequent to the arrest. The search was incident to a lawful arrest, and evidence obtained as a result of the search is admissible. The testimony of witnesses relating to the search and articles seized is also admissible. State v. Phelps, Mo., 384 S.W.2d 616, 619. The trial court did not err in overruling the motion to suppress. The evidence is sufficient to sustain the conviction, and the court did not err in overruling the motion for judgment of acquittal.

The determinative issue raised by defendant involves an occurrence during the testimony of Lieutenant Young, and, in particular, a question asked by a juror and the Lieutenant's answer.

DIRECT EXAMINATION BY PROSECUTING ATTORNEY:

\* \* \* \* \* \*
"Q. After you arrested Stuart, did you gentlemen proceed to search Stuart's apartment? A. Well, we told them they were under arrest, and then the warrant was

---

4. State v. Kennedy, Mo., 396 S.W.2d 595.

5. In support of this ground he cites Giordenello v. United States, 357 U.S. 480, 486, 78 S.Ct. 1245, 2 L.Ed.2d 1503; Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509,

12 L.Ed.2d 723; Sibron v. New York, 392 U.S. 40, 59, 88 S.Ct. 1889, 20 L.Ed.2d 917, and other cases. See also: State v. Lock, 302 Mo. 400, 259 S.W. 116, 123 [6], and Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441.

read to them, and then Kordalis advised them of their rights.

\* \* \* \* \* \*

"Q. After they had been apprised of their right to remain silent, then the search of the apartment was made, is that right? A. Yes.

Q. Now, to your own knowledge, was there any money found at that time during this search of the apartment? A. Yes.

Q. Found there in the apartment? A. Yes."

CROSS-EXAMINATION BY MR. CANTWELL, COUNSEL FOR DEFENDANT:

\* \* \* \* \* \*

"Q. Did you ask Mr. Stuart, this defendant, if those were his coins that you found? A. No.

Q. You did not? A. No, being in his possession, I did not need to.

\* \* \* \* \* \*

"MR. CANTWELL: That's all.

JUROR: Can I ask a question?

JUDGE PINNELL: Yes.

JUROR: *Did either one of these guys claim that money?*

WITNESS: *Not to my knowledge. To the best of my knowledge, no.*" (Emphasis ours.)

Defendant contends that the juror's question and the witness' answer violated his rights under the self-incrimination clause of Article I, § 19, Constitution of Missouri, V.A.M.S., because "the silence of an accused while under arrest is not admissible into evidence against him." Defendant concedes that this assignment of error was not properly preserved at the trial or in his motion for new trial.

■■ The law is established in this state that the silence of an accused while under arrest is not admissible against him

because he is under no duty to speak. State v. Vainikos, Mo., 366 S.W.2d 423, State v. Dowling, 348 Mo. 589, 154 S.W. 2d 749; State v. Phelps, Mo., 384 S.W. 2d 616. The cases in which this rule of law has been applied are cases where the accused was asked about the alleged crime or where someone made a statement about the alleged crime in the presence of the accused. See: State v. Battles, 357 Mo. 1223, 212 S.W.2d 753, 757 [10]. In the instant case no question was asked of the defendant or statement made in his presence. Here, by his silence, he failed merely to deny or explain his possession of the property by claiming it as his own when he had an opportunity to do so while under arrest. We now hold that an accused's failure to volunteer an exculpatory statement is not admissible as an admission; that it may not be shown that by his silence he failed to deny or explain while under arrest an incriminating fact as to which no question was asked. See: 22A C.J.S. Criminal Law § 734(1) a, p. 1072. The admission of such evidence constitutes an invasion of an accused's constitutional rights. State v. Battles, supra, 357 Mo. 1223, 212 S.W. 2d at 757 [9].

■■ As stated, the sufficiency of the State's case depends upon defendant's recent unexplained possession of the stolen property. State v. Kennedy, supra. The jury could have inferred from the question and answer complained of that defendant, by his silence, admitted the property was stolen by him. On this record, we cannot say that his failure to make a proper objection or that the quoted cross-examination by his counsel led to and suggested the juror's question and constituted trial strategy. Cf. State v. Yager, Mo., 416 S.W.2d 170. We have reviewed the whole record and conclude, under the facts and circumstances therein disclosed, that the admission of the evidence complained of resulted in manifest injustice and miscarriage of justice. We grant relief on this point under S.Ct. Rule 27.20

(c), V.A.M.R. Cf. State v. Patterson, Mo., 443 S.W.2d 104 [4].

The judgment is reversed and the cause remanded.

FINCH, DONNELLY, SEILER, MORGAN, and HOLMAN, JJ., and BRADY, Special Judge, concur.

BARDGETT, J., not participating because not a member of the Court when cause was submitted.