**James JONES, Appellant,**

v.

**Donald WYRICK, Appellee.**

**No. 76–1404.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 1, 1976.

Decided Oct. 14, 1976.

District Court of his petition for a writ of habeas corpus. Petitioner Jones was convicted of murder in the first degree and assault with intent to kill in the Circuit Court of the City of St. Louis. The convictions were affirmed on direct appeal to the Missouri Court of Appeals, St. Louis District. Both grounds for relief asserted in the petition to the District Court were ruled upon adversely to the petitioner by the Missouri courts.

■ The petitioner's first contention is that the state failed to lay a proper foundation for testimony of a police technician that the size of the gunpowder marks on the victim's clothing indicated how close the pistol had been to the victim when fired. We have carefully reviewed the record in this case and do not find that the evidentiary error, if any, resulted in a denial of due process. *Cage v. Auger,* 514 F.2d 1231 (8th Cir. 1975); *Taylor v. State of Minnesota,* 466 F.2d 1119 (8th Cir. 1972). *See also Donnelly v. DeChristoforo,* 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974).

The petitioner's second contention is that the trial court erred in refusing to grant a mistrial when the petitioner was cross-examined about his post-arrest silence. At trial, the petitioner testified that he had shot the deceased in self-defense with the victim's gun. On cross-examination, when asked if he had given the same explanation to the police as he gave at trial, the petitioner responded in the negative.

■ The use of an accused's silence after arrest for impeachment purposes has been held to violate the due process clause of the Fourteenth Amendment. *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). We must, therefore, reverse unless the error is harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). After a careful review of the record, we are convinced that is the case.

The state produced seven eyewitnesses to the incident, none of whom corroborated the petitioner's explanation of the chain of

Mark T. Keaney, St. Louis, Mo., for appellant.

John C. Danforth, Atty. Gen., and William F. Arnet, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

James Jones, a prisoner of the State of Missouri, appeals from the dismissal by the

events.[1] Moreover, the trial court took prompt corrective action by instructing the jury to disregard both the question and the answer and ordering them stricken from the record. A review of the record indicates that the evidence against the petitioner was overwhelming.

Accordingly, we affirm the order of the District Court denying the petition for a writ of habeas corpus.

---

1. The only evidence that could possibly be viewed as in any way supporting the petitioner's version of the incident is contained in a police report summarizing statements made shortly after the incident by various eyewitnesses. The police officer, through whom the report was introduced, could not recall whether the statements were made to him or to his partner. According to the report, two of the eyewitnesses, who later testified at trial, indicated a struggle between the petitioner and the deceased occurred prior to the shooting. On cross-examination, both stated there had been no struggle and denied making a statement to that effect to the police.

The inferences needed for this evidence to in anyway corroborate the petitioner's version are very attenuated. Since this point was not raised upon appeal to the Missouri Court of Appeals or before this Court, we do not consider it.