**STATE of Missouri, Respondent,**

v.

**James J. GIVAN, Appellant.**

**No. KCD 29621.**

Missouri Court of Appeals,
Kansas City District.

Oct. 30, 1978.

Mark D. Johnson, Public Defender, Platte City, for appellant.

John D. Ashcroft, Atty. Gen., Stanley H. Robinson, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

James Givan was charged with burglary in the second degree, § 560.045, RSMo 1969, and stealing, § 560.156, RSMo 1969. A jury found him guilty of burglary and not guilty of stealing. On the failure of the jury to agree on punishment, the court sentenced Givan to six years in prison. The sole contention on this appeal is an infringement of his right to remain silent on arrest. Reversed and remanded.

On September 1, 1976, Barbara Boydston lived in a trailer on a county road in Platte County. On that morning she left the trailer to visit her mother and upon returning a few minutes later, saw a blue and white Cadillac parked in the driveway. She drove a short distance up the driveway and through her windshield from about 75 feet observed a man "leaning" out of one of the two doors of the trailer. After observing only this one man at the scene, who she described as being a heavy set black wearing a flowered shirt, Ms. Boydston drove to her grandmother's house and called the sheriff's office. Ms. Boydston returned to the trailer after reporting the incident and discovered that a .22 single shot pistol which had been on a nightstand next to her bed was missing.

Other witnesses also testified to seeing a blue and white Cadillac occupied by two black men with a Kansas license plate in the general vicinity of the Boydston trailer that morning but none identified Givan. Ms. Boydston had not observed the license plate because the car she saw did not have one on the front.

About an hour and a half after the crime was reported, Trooper Cossins of the Missouri Highway Patrol stopped a blue and white Cadillac with a Kansas license plate near Paradise in Clay County, nineteen miles from the Boydston trailer. Trooper Cossins identified Givan, who was driving the Cadillac, as a heavy set black who was wearing a dark sweatshirt at the time of his arrest. Cossins informed Givan he was being stopped because of a burglary. The

Boydston pistol was not found at the time of the arrest, nor was it thereafter located.

The single assignment of error involves around the following question and answer during the State's examination of Trooper Cossins relating to events at the time of the arrest:

Q. Do you recall if they made any statements at that time?

A. Yes. They did not make any statements. I read both of them their rights, and neither one of them made any statements at that time.

> MR. ESKRIDGE: Your Honor, at this time I'm going to object to the question, and ask the court to declare a mistrial. This is improper comment on the defendant's Fifth Amendment right against self incrimination. I believe the officer is entitled [sic] to inform the jury whether or not the defendant made a statement. He's under no obligation to make any statement, and I think that is an improper comment on his right to refuse to talk to a policeman under the Fifth Amendment, and for that reason I ask at this time that the court declare this a mistrial. I think this evidence is totally inadmissible and inappropriate at this time.
> THE COURT: The objection is overruled. The jury is instructed to disregard the last question and the answer thereto, as to the Trooper's statement that they made no statement, that he read their constitutional rights to them and they declined to make any statement; and the jury will disregard that question and the answer thereto and not consider it at all in their deliberations. As to your requesting a mistrial, Mr. Eskridge, that is denied.

Givan asserts the court erred in overruling his motion for a mistrial because the question and answer violated Givan's right to remain silent and deprived him of due process.

In *State v. Stuart,* 456 S.W.2d 19 (Mo. banc 1970) a juror asked a police officer witness if the accused made any claim to coins found in his possession at the time of his arrest. The officer replied the accused had not. The court held "that an accused's failure to volunteer an exculpatory statement is not admissible as an admission; that it may not be shown that by his silence he failed to deny or explain while under arrest an incriminating fact as to which no question was asked." 456 S.W.2d 22[3, 4].

In view of *Stuart, State v. Elmore,* 467 S.W.2d 915 (Mo.1971); *State v. Butler,* 512 S.W.2d 466 (Mo.App.1974); *State v. Pogue,* 563 S.W.2d 544 (Mo.App.1978) and *State v. Roth,* 549 S.W.2d 652 (Mo.App.1977) the State concedes the question was error which elicited the response from Trooper Cossins that Givan did not make a statement when arrested. The State correctly asserts under *Chapman v. State of California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) and *State v. Peters,* 545 S.W.2d 414 (Mo.App.1976) the only question is whether or not the error is harmless beyond a reasonable doubt.

It should initially be noted that the defense counsel made only a general objection to the question, immediately requested the court to declare a mistrial, and concluded this request with a full explanation it was grounded on the Fifth Amendment right against self-incrimination. As pointed out in *Roth,* counsel was correct as to the Fifth Amendment ground and in addition could have pointed to a violation of Givan's rights under Art. 1, § 19 of the Missouri Constitution. Further, since *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) such question and answer also violates the defendant's rights to due process under the Fourteenth Amendment.

■ While counsel did not make any specific objection to the question or request the court to instruct the jury to either disregard or to strike the answer, the motion for mistrial adequately preserved Givan's objection to the question and answer. *State v. Cuckovich,* 485 S.W.2d 16, 23 and 24[13] (Mo.banc 1972). *Cuckovich* points out that while it is preferable for counsel to object

to a question and request relief short of a mistrial, the failure to so object and request other relief does not preclude a request for a mistrial. Thus, even though the question was answered prior to any objection, the request for a mistrial reaches the vice inherent in the question and answer. Therefore, the assignment of error will be considered as preserved.

Establishing the existence of error now leaves for disposition only the question of whether such error was harmless beyond a reasonable doubt, thereby necessitating an examination of the evidence. Although a blue and white Cadillac with a Kansas license and two black male occupants had been observed in the vicinity of the Boydston trailer at about the time Ms. Boydston observed such a car in her driveway, the only evidence placing Givan at the scene was Ms. Boydston's identification of him while she remained seated in her car about 75 feet away. The shirt she described did not match the description of the shirt Givan was wearing at the time of his arrest and there was no other mention in evidence of a flowered shirt. Moreover, there was no license number obtained from the Cadillac sitting in the Boydston drive, nor was there a precise number obtained of the blue and white Cadillac observed in the vicinity. While Ms. Boydston observed only one person around the car and trailer, there were two observed at other times and Givan was accompanied by Jesse Mayes at the time of his arrest.

Givan did not testify, but Mayes, testifying he had been with Givan that morning, denied they had been at the Boydston trailer and broke into it or stole anything. Mayes also testified he was driving the car at the time it was stopped, but Trooper Cossins testified Givan was the driver. As previously noted, the gun reported stolen was never recovered. Thus, the State's evidence consisted only of Ms. Boydston's observation for about one minute from a distance of about 75 feet, together with a shirt description which did not match that worn by Givan at his arrest. The arrest took place some 19 miles distant, approximately an hour and a half after the burglary.

When the prosecutor asked Trooper Cossins if either Givan or Mayes made a statement, he knew they had not. Thus, the only reason for asking the question was to plant some impression in the jury's mind that when stopped and informed they were being arrested for burglary, Givan and Mayes failed to deny any knowledge or participation. In short, it is apparent the State was attempting to use Givan's silence as a tacit admission.

The trial court overruled the objection and instructed the jury to disregard the answer that no statement was made by either Givan or Mayes. The court then overruled the motion for a mistrial. While the method of instructing the jury to disregard a particular question or answer is undoubtedly left to the sound discretion of the trial court, in the circumstances of this case this court concludes that the repetition by the trial court of the substance of the question and answer did not correct the error but only served to emphasize the fact no statement was made. After the question and answer was thus reinforced by the court's instruction, the fact Givan and Mayes did not make any statement to the Trooper was indelibly stamped on the jury's mind.

■ This court cannot find as a matter of law the failure of Givan to volunteer a denial of the burglary on his arrest did not enter into the verdict. As a result, this court cannot hold the admitted error was harmless beyond reasonable doubt.

The judgment is reversed and the cause remanded.

All concur.