**STATE of Missouri, Plaintiff-Respondent,**

v.

**Roger R. NOLAN, Defendant-Appellant.**

**No. 11157.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 19, 1980.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Tyce S. Smith, Waynesville, for defendant-appellant.

PREWITT, Judge.

Defendant was convicted of rape and sentenced to two years imprisonment.

Defendant was a soldier stationed at Fort Leonard Wood, Missouri. He and the prosecutrix had arrived separately at a tavern near Waynesville, Missouri. They had not previously met. Defendant testified they became acquainted and she invited him to follow her home and voluntarily let him into her apartment. He states that they had sexual intercourse; but with her consent. She testified that she did not talk to him except to tell him not to touch her when he sat next to her at the bar; that she did not know that he followed her; and that he entered the apartment without her consent. She contends that the intercourse was the result of defendant's physical abuse and threats. There was medical evidence of marks on her throat consistent with trauma and red marks on both wrists.

Defendant claims error due to the prosecutor asking defendant on cross-examination when he first told anyone after his arrest that she consented to the intercourse and if he had told this "to any police agency, or when you turned yourself in". He made no statement to the police. Defendant contends that the questions violated his right to remain silent following his arrest. The state argues that the cross-examination was proper to impeach the defendant's version by showing it was recently fabricated

and in retaliation to his direct testimony of cooperating with the police. Defendant testified he learned of the charge and voluntarily turned himself in.

▮▮▮ Defendant objected to this cross-examination, and moved for a mistrial. While the record is not clear, it appears that no timely motion for new trial was filed. Thus we should consider defendant's contention only if it was "plain error" affecting his substantial rights and resulted in "manifest injustice or miscarriage of justice". Rule 27.20(c), V.A.M.R. The law is well established in Missouri that the silence of an accused while under arrest is not admissible against him. *State v. Stuart*, 456 S.W.2d 19, 22 (Mo. banc 1970); *State v. Pogue*, 563 S.W.2d 544, 546 (Mo.App.1978); *State v. Roth*, 549 S.W.2d 652, 654–655 (Mo. App.1977); *State v. Benfield*, 522 S.W.2d 830, 834–835 (Mo.App.1975). It may not be shown that an accused failed to volunteer an exculpatory statement or by his silence failed to deny or explain while under arrest an incriminating fact. *State v. Stuart*, supra, 456 S.W.2d at 22; *State v. Benfield*, supra, 522 S.W.2d at 834–835. Impeachment by showing post-arrest silence violates the self-incrimination clause of the fifth amendment to the Federal Constitution, article I, § 19 of the Missouri Constitution, and also results in the denial of constitutional due process. *State v. Roth*, supra, 549 S.W.2d at 655. The state may not use such silence as affirmative proof or to impeach the defendant's testimony. *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *State v. Pogue*, supra, 563 S.W.2d at 549. We hold that showing defendant's silence after his arrest was not proper to impeach his version of the incident.

▮▮▮ We next consider the state's contention that showing silence after his arrest was proper to retaliate defendant's evidence that he knew of the charge two days before his arrest, did not flee, and voluntarily turned himself in. The state did not object to this testimony. Such evidence has been held not admissible where the state does not attempt to prove flight. See *State*

*v. Chamineak*, 343 S.W.2d 153, 158 (Mo. 1961); 22A C.J.S. Criminal Law § 625d, p. 469. The state claims that defendant's silence rebuts his inference of cooperation with the law enforcement authorities. Defendant did not offer evidence that he attempted to fully cooperate with the police authorities. He stated that he did not flee and voluntarily turned himself in. That is not a claim of cooperation. Nor do we believe that remaining silent showed a lack of cooperation or was an indication of guilt. A person, innocent or not, because of advice, lack of confidence in the law enforcement personnel, a feeling that anything he says might be misconstrued, or for other reasons, may wish to remain silent. The record indicates that previous to defendant's arrest he was advised by the Judge Advocate General's office, at the army base, not to make any statement. Under the holdings of the authorities above cited, the cross-examination regarding his post-arrest silence was error. We do not believe it was justified here on the basis of any retaliation or rebutting of defendant's direct testimony.

▮▮▮ We now must determine if it was plain error. In *State v. Halk*, 524 S.W.2d 44, 48–49 (Mo.App.1975), evidence that the accused made no statement was held not to be plain error as the state's evidence of guilt was substantial and under the circumstances, no miscarriage of justice occurred. The case before us likely turned on the jury's determination of the credibility of the prosecutrix and defendant. A verdict was not reached after long deliberation, the court then gave the "hammer" instruction, and the jury returned a verdict one hour later. The prosecutor inquired about defendant's silence numerous times. Any evidence which has a tendency to show that defendant's version was a fabrication might have influenced the verdict. *State v. Pogue*, supra, 563 S.W.2d at 548. In *Pogue*, and *State v. Stuart*, supra, evidence of an accused's failure to volunteer an exculpatory statement was determined to be plain error. We believe that the admission of the evidence complained of here resulted in

manifest injustice and miscarriage of justice and grant relief under Rule 27.20(c), V.A.M.R.

The judgment is reversed and the cause remanded for a new trial.

TITUS, P. J., and FLANIGAN and GREENE, JJ., concur.