**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Charles D. VAUGHN,
Defendant-Appellant.**

**No. 45060.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 7, 1982.

Motion for Rehearing and/or Transfer
Denied Nov. 19, 1982.

Leonard W. Buckley, Jr., St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for plaintiff-respondent.

GUNN, Judge.

Defendant's appeal from his conviction for first degree robbery brings forth the following alleged trial court errors: (1) failure to declare a mistrial after the prosecutor asked defendant on cross-examination why he failed to sign the *Miranda* warning waiver after arrest; (2) failure to submit MAI–CR2d 2.10 (aider and abettor) to the jury. We find no reversible error and affirm.

In the early morning hours, defendant and a companion entered a St. Louis County 7–11 store. At gunpoint, the companion demanded and obtained money from an employee as the defendant stood by urging haste in the nefarious activity. Both parties fled from the store in a white and blue Chevrolet. The store employee reported the incident to police who apprehended defendant a few minutes thereafter as he was driving the Chevrolet. Within fifteen minutes of the robbery, defendant was positively identified as one of the perpetrators.

At the time of his arrest defendant was given the *Miranda* warnings, but he refused to make a written statement. He orally acknowledged that he had been in the 7–11 store with a companion early in the morning but that no robbery had occurred. The evidence of defendant's participation in the crime is substantial.

Defendant testified on his behalf, admitting his presence in the store with a companion on the day of the robbery, but he denied that any robbery occurred while he was there.

During cross-examination of the defendant, the prosecutor inquired without objection as to why he had refused to execute a waiver of rights form. Defendant's response was that he had "preferred to get a lawyer first." [1]

Another question followed, asking why the defendant had wanted a lawyer after having told the police that no robbery occurred. At this point, defendant's counsel objected. The question was stricken and the jury instructed to disregard it. Defendant contends that a mistrial should have been declared on the ground that the question and answer constituted an impermissible comment on defendant's failure to exonerate himself.

Defendant's assessment of the law is correct: the state may not show that an accused failed to volunteer an exculpatory statement. *State v. Nolan,* 595 S.W.2d 54, 56 (Mo.App.1980). But assuming that this

---

1. "Q. [Prosecutor] Why did you refuse to sign this [the *Miranda* waiver] form?

"A. [Defendant] I preferred to get a lawyer first."

point has been preserved for appeal, though it appears not, for lack of timely objection, *State v. Gadberry,* 638 S.W.2d 312 (Mo.App. E.D.1982), we do not view either the question or answer as directed to defendant's failure to offer an exculpatory statement. Certainly the trial court's prompt action in this instance in directing the jury to disregard the subsequent remark rendered harmless any prejudicial effect. *State v. Martin,* 624 S.W.2d 879, 884 (Mo.App.1981).

Defendant's second point regarding the trial court's failure to submit MAI–CR2d 2.10, the aider and abettor instruction, has been specifically answered and rejected under identical circumstances in *State v. Murray,* 630 S.W.2d 577, 579–80 (Mo.banc 1982); *State v. Haymon,* 639 S.W.2d 843 (Mo.App.E.D.1982); *State v. Tolson,* 630 S.W.2d 611, 613 (Mo.App.1982); and *State v. Roland,* 619 S.W.2d 771, 776–77 (Mo.App.1981).

Judgment affirmed.

REINHARD, P.J., and SNYDER and CRIST, JJ., concur.