**STATE of Missouri, Plaintiff-Respondent,**

v.

**Glennon Mark GRUBB, Defendant-Appellant.**

No. 49092.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 31, 1985.

Motion for Rehearing and/or Transfer Denied Jan. 28, 1986.

Application to Transfer Denied March 25, 1986.

William J. Shaw, Public Defender, J. Andrew Walker, Sp. Asst. Public Defender, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Christine Szaj, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CARL R. GAERTNER, Presiding Judge.

Defendant appeals his conviction for burglary and stealing. His sole contention on appeal is that the trial court erred in refusing to grant a mistrial when the prosecutor elicited an answer by a police officer concerning defendant's post-arrest, post-*Miranda* warning silence. The trial incident involved the following exchange on direct examination of a deputy sheriff from Pike County.

Q. Okay. Now, was Mr. Grubb interrogated at all at the sheriff's office?

A. No, sir—well, he was interviewed briefly.

Q. Okay. No statement by him; is that correct?

A. That is correct.

At this point defense counsel asked for a mistrial. The trial court denied the motion, but instructed the jury to disregard the comment.

The United States Supreme Court noted in *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 48 L.Ed.2d 91 (1976), that it would be fundamentally unfair for the prosecution to use an arrestee's silence to impeach him at trial. "[W]hile it is true that the *Miranda* warnings contain no express assurance that silence will carry no penalty, such assurance is implicit to any person who receives the warnings." 426 U.S. at 618, 99 S.Ct. at 2245. Missouri courts have consistently held that evidence of an accused person's silence after arrest is improper. *State v. Stuckey*, 680 S.W.2d 931, 938 (Mo.banc 1984); *State v. Stuart*, 456 S.W.2d 19, 22 (Mo.banc 1970).

Here, as in *State v. Givan*, 573 S.W.2d 104 (Mo.App.1978) the state admits that it was error to elicit testimony concerning the defendant's silence after arrest. Therefore, "under *Chapman v. State of California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) and *State v. Peters*, 545 S.W.2d 414 (Mo.App.1976) the only question is whether or not the error is harmless beyond a reasonable doubt." 573 S.W.2d 105. In *Givan*, the court found reversal was required because of the slight evidence of defendant's guilt, one eye witness identification from a distance of 75 feet and the apprehension of the defendant in the same make and color automobile seen leaving the scene 1½ hours after the crime and 19 miles away, and because the trial judge repeated the improper testimony in instructing the jury to disregard it.

The instant case is distinguishable in both respects. Here the trial judge promptly and without elucidation instructed the jury to disregard "the last comment." Moreover, the evidence against the defendant is so overwhelming we are convinced the brief incident consisting of a single question and answer, improper as it was, could not have affected the verdict.

An automobile was observed by a patrolling police officer leaving the scene of the burglary in the early morning hours. When he began to follow the car a high speed chase ensued. Eventually he lost sight of the car, but it was soon discovered, stalled and abandoned. Loot from the burglary was found in the car. After daylight defendant, together with the owner of the car, was apprehended attempting to hide under a pile of leaves. Footprints inside and outside of the burglarized building were photographed and a plaster cast made of one of them. These footprints contained five points of comparison to the shoes worn by defendant, including a similar tread pattern containing two points where lugs had been cut or torn off the sole of the shoe. Finally, one of the perpetrators of the crime, in return for disclosed leniency, testified in detail to the defendant's participation in planning and committing the burglary. No evidence was offered in defense.

In view of this massive array of evidence pointing unerringly to defendant's complicity, the possible inference of guilt arising from disclosure of defendant's silence after arrest becomes insignificant.

Judgment affirmed.

SMITH and REINHARD, JJ., concur.