**STATE of Missouri, Plaintiff–Respondent,**

v.

**Frank NOEL, Defendant–Appellant.**

**No. 63363.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 8, 1994.

Charles E. Kirksey, Jr., Bell, Kirksey & Associates, St. Louis, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Beal, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendant, Frank Noel, appeals from judgments of conviction after a jury trial for unlawful use of a weapon and assault in the third degree. Defendant was sentenced as a persistent misdemeanor offender to concurrent terms of imprisonment of two years and fifteen days, respectively. We affirm.

On July 14, 1991, around 2:00 a.m., Paulette Fingers, was in her apartment at a housing complex, when she was awakened by six shots being fired at her front door and the defendant yelling, "Alonzo, I told you not to put your hand on my sister any more." Alonzo is Ms. Fingers' son and had been involved in a relationship with defendant's sister, Lawanda Noel for three or four years. When Ms. Fingers opened the door and looked down the breezeway, she saw defendant and his sister, Lawanda, running from the building. Security guards, who heard the shots, responded to the scene. Ms. Fingers shouted to them, "He shot into my apartment," referring to defendant and his sister who were running from the building. The guards stopped Lawanda Noel and defendant. Defendant reached into his right front pants pocket and pulled out a .25 caliber semi-automatic nickel-plated pistol, which had been concealed in his pocket. A guard pointed his service revolver at defendant and yelled, "He's got a gun." and defendant dropped his gun. While being handcuffed, a .38 caliber revolver fell from underneath defendant's jacket. At trial, defendant denied having any guns on July 14, 1991.

Defendant first contends that the trial court erred in denying defendant's motion for mistrial because the State improperly elicited testimony commenting on defendant's post-arrest silence. At trial, a police officer testified twice during direct examination that he had advised defendant of his constitutional rights. The testimony occurred as follows:

Q: Did you ever interview Frank Noel?

A: At the station when he returned I advised him of his rights.

Defendant objected and the court advised the prosecutor to refrain from asking questions which would elicit responses concerning

the defendant's exercise of his Miranda rights. The prosecutor again asked:

Q: Did you read him anything?

A: His Miranda warning.

Defense Counsel: I'm going to ask that the jury be discharged and a mistrial be declared.

The trial court denied defendant's request for a mistrial.

■ Silence of an accused while under arrest is not admissible against him. *State v. Stuart,* 456 S.W.2d 19, 22–23 (Mo.banc 1970). The prosecution may not use post-arrest silence either as affirmative proof of a defendant's guilt or to impeach his testimony. *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). "It may not be shown that an accused failed to volunteer an exculpatory statement, nor may it be shown that, by his silence, he failed to deny or explain, while under arrest, an incriminating fact about which no question was asked." *State v. Howell,* 838 S.W.2d 158, 161 (Mo.App.S.D. 1992). Such an admission of post-arrest silence would constitute an invasion of an accused's constitutional rights. Where the record reveals that a defendant "stood mute" or claimed his privilege to remain silent "in the face of an accusation," application of the foregoing constitutionally based principles is mandated. *Id.* at 161. The principles do not apply where a defendant did not stand mute in the face of an accusation because no accusation was made. *Id.*

■ Here, defendant was not asked by the police officer about the crime after his arrest and after he was given his Miranda warnings. He was not confronted with facts which might incriminate him if he remained silent, or facts which he needed to deny or explain. All that appears from the record is that the defendant was silent following the arrest and the giving of his Miranda rights.

The testimony of a police officer that he gave Miranda warnings does not alone incriminate defendant. It is permissible to ask whether Miranda warnings were given. *State v. Walker,* 616 S.W.2d 89, 92 (1981). No inference of guilt could have been drawn from the challenged testimony. Since the admission of the testimony was not an abuse of discretion, there were no grounds for a mistrial. *State v. Young,* 701 S.W.2d 429, 434 (Mo. banc 1985), *cert. denied,* 476 U.S. 1109, 106 S.Ct. 1959, 90 L.Ed.2d 367 (1986). Defendant's first point is denied.

We have reviewed defendant's remaining claims of trial error. No jurisprudential purpose would be served by a written opinion on these points. The points are denied. Rule 30.25(b).

The judgments of conviction are affirmed.

REINHARD and CRIST, JJ., concur.